IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ROBERT BONOMELLI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-212-D |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Order issued by United States Magistrate Judge Bana Roberts on May 15, 2007 [Doc. No. 18], denying Petitioner's *pro se* request for a copy of "the entire trial court record" from his state criminal case [Doc. No. 17].[1]  Petitioner has timely objected to the Order as "violative of minimum due process and an unreasonable application of Rule 5 of the Rules Governing § 2254 Cases and Rule 5 of the Federal Rules of Civil Procedure." *See* Objection [Doc. No. 19] at 3.  Petitioner contends that he is entitled to a "full and complete copy of the state court records and transcripts" submitted to the Court and listed in the Notice of Conventional Filing of State Court Transcripts, rather than simply the portions deemed relevant by Respondent and attached to the Response.  *See* Objection [Doc. No. 19] at 2.  Also, included in the Objection is a request by Petitioner for an additional extension of time to file his reply after he receives the requested records.

The Court must consider timely objections to a magistrate judge's order resolving a nondispositive pretrial matter, *see* Fed. R. Civ. P. 72(a); and may reconsider, modify, or set aside

---

[1] The Order and Objection were filed prior to the transfer of this case to the undersigned judge, and the pendency of this matter was recently brought to the Court's attention.

any part of the order shown to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Upon careful consideration of the May 15 Order, Petitioner's Objection, and the case record, the Court finds no basis to disturb Judge Roberts' decision.

Contrary to Petitioner's view, Rule 5 of the Rules Governing Section 2254 Cases does not entitle him to a free copy of the entire state court record; it requires only that the respondent provide certain documents, including "parts of the transcript that the respondent considers relevant."  *See* Rules Governing Section 2254 Cases, Rule 5(c).  Consistent with this requirement, Judge Roberts issued an Order for Response by Oklahoma Attorney General [Doc. No. 8], which required Respondent to attach to his answer "such portion of the transcript as [is] relevant."  In compliance, Respondent attached to his Response relevant state court records, including pages of transcripts. Further, consistent with Rule 5 of the Federal Rules of Civil Procedure, Respondent served a copy of the Response, including the attachments, on Petitioner.  *See* Response to Petition [Doc. No. 10] at 14.  Contrary to Petitioner's position, Rule 5 did not require service of copies of the additional state court records filed in the case.  *See* Fed. R. Civ. P. 5(a) (specifying papers that must be served).

In *United States v. MacCollom*, 426 U.S. 317 (1976), the Supreme Court upheld a federal statute that entitles a federal habeas petitioner proceeding under 28 U.S.C. § 2255 to obtain a free transcript only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 735(f). The Court found that these conditions to receiving free transcripts in habeas cases are "consistent with the due process requirements of the Fifth Amendment."  *Id*. at 324.  The court of appeals has extended the reasoning of *MacCollum* to § 2254 cases and has held that a petitioner "must demonstrate that his claim is not frivolous before the court is required to provide him with a free

transcript." *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992). Petitioner does not identify in his Objection any particular claim or issue for which additional transcripts or records are needed. Judge Roberts did not err in denying Petitioner's general request for a complete copy of the state court record and transcripts.

IT IS THEREFORE ORDERED that Petitioner's Objection [Doc. No. 19] is overruled, and the May 15 Order [Doc. No. 18] is affirmed. Petitioner shall file his reply to the Response within fifteen (15) days from the date of this Order.

IT IS SO ORDERED this 21st day of November, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE