IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES ROBERT BONOMELLI,⁣ )
⁣ )
⁣                        Petitioner,⁣ )
⁣ )
v.⁣ )⁣    Case No. CIV-07-212-D
⁣ )
WALTER DINWIDDIE, Warden ,⁣ )
⁣ )
⁣                       Respondent.⁣ )

# O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 22]

issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

Judge Roberts recommends the denial of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus. Petitioner, through newly retained counsel, has filed a timely Objection [Doc. No. 24]. The

Court must make a *de novo* determination of any part of the Report to which a specific objection is

made, and may accept, reject, or modify the recommended decision or return the matter to the

magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner who initially appeared *pro se*, seeks a writ of habeas corpus based

on claims of constitutional error in his criminal case, No. CF-2002-413, in the District Court of

Comanche County, Oklahoma. A jury found Petitioner guilty in February, 2004, of possession of

child pornography, felonious possession of a firearm, and felonious possession of marijuana – all

after former conviction of two or more felonies – and the trial court imposed consecutive prison

sentences of 40 years, 20 years, and 40 years, respectively, for a total sentence of 100 years.[1] The

---

[1] An earlier trial in November, 2003, ended in a mistrial. Petitioner was acquitted of additional
charges of solicitation of a minor and possession of a firearm while committing a felony.

Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's convictions but modified his sentences to run concurrently, for a total sentence of 40 years. Petitioner unsuccessfully sought state post-conviction relief and then proceeded to federal court by initiating this action on February 21, 2007. The Petition, which was filed *pro se*, presents two grounds for relief that restate verbatim the two propositions set forth in Petitioner's appellate brief in his direct appeal. Also, instead of stating facts or presenting arguments to support these claims, the Petition simply adopts the relevant portions of the appellate brief. Petitioner filed no other supporting brief.[2]

In the Report, Judge Roberts carefully analyzes the two grounds for federal relief stated in the Petition and finds no merit in either claim: government-induced ineffective assistance of trial counsel, arising from the trial court's denial of a continuance that allegedly deprived defense counsel of adequate time to prepare; and excessive sentences. Within the time period for objections, counsel appeared for Petitioner and filed the instant Objection, which raises three issues: (1) whether the deferential standard of 28 U.S.C. § 2254(d), adopted by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), is unconstitutional and should not be applied; (2) whether the trial court's denial of a continuance violated Petitioner's constitutional rights; and (3) whether the Petition alleges additional claims that Judge Roberts overlooked. All other issues are waived.[3]

---

[2] After Respondent answered the Petition, Petitioner twice requested extensions of time to file a reply brief, which were granted, but then requested that Respondent be ordered to provide him with a copy of the trial court record. Judge Roberts denied this request but granted Petitioner additional time to file his reply brief. The Court upheld this ruling, over Petitioner's objection, but again extended the deadline for filing a reply brief. None was ever filed.

[3] *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").

## 1. Constitutionality of the AEDPA

Petitioner relies on opinions expressed by "a growing number of disgruntled federal judges scattered throughout the federal courts of appeals who are of the view that Congress has usurped the role of the Article III federal judiciary through enactment of the AEDPA's 'deference' provisions." *See* Objection [Doc. 24] at 3. He urges the Court to adopt this view and to disregard the standard of decision mandated by 28 U.S.C. § 2254(d) in order to make a *de novo* determination of his claims.

This Court is bound by controlling precedent to apply the deferential standard of § 2254(d) to OCCA's decision concerning Petitioner's claims. *See Gonzales v. Tafoya*, 515 F.3d 1097, 1108-09 (10th Cir.), *cert. denied*, 129 S. Ct. 211 (2008); *Johnson v. Mullin*, 505 F.3d 1128, 1134 (10th Cir.2007); *see also Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Federal courts can decide habeas claims *de novo* only if the state court did not decide the claims on the merits, and there is no question in this case that OCCA decided the merits of Petitioner's federal claims. *See Harris v. Poppell*, 411 F.3d 1189, 1195-96 (10th Cir. 2005). The Tenth Circuit has expressly rejected an argument that AEDPA's deferential standard somehow violates Article III, finding the argument foreclosed by the Supreme Court's opinion in *Williams*, 529 U.S. at 378-79. *See Olona v. Williams*, 13 F. App'x 745, 747 (10th Cir. 2001).[4] Therefore, this Court must also reject Petitioner's argument regarding the applicability of the AEDPA standard set forth in § 2254(d).

## 2. Denial of a Trial Continuance

Petitioner argues the merits of his first claim without regard to the AEDPA standard, or any citation of legal authority, and without regard to Judge Roberts' thorough analysis of the issues presented. The Court cannot add significantly to that analysis and, therefore, adopts it herein.

---

[4] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

### 3.    Additional Claims

Petitioner asks this Court to recommit this matter to Judge Roberts to address additional federal claims "perhaps inartfully raised in his Petition." *See* Objection [Doc. 24] at 8.  He points to attachments to the Petition – that is, copies of his state application for post-conviction relief and a supporting brief – which contain an allegation that he was denied effective assistance of appellate counsel and that trial counsel was ineffective for failing to raise a double jeopardy issue.  Petitioner concedes that Judge Roberts did not address such claims because they were not stated in his *pro se* Petition, but he requests that they be considered now because *pro se* pleadings should be liberally construed and because he referred to his state court filings in his Petition.

Upon examination of the Petition, the Court finds that it does not raise any claim that appellate counsel was ineffective or that trial counsel was ineffective for failing to assert double jeopardy.  The Petition is silent concerning these issues.  The attachments on which Petitioner now relies were referenced in the Petition solely in response to questions about what issues were raised in any state post-conviction application and whether he appealed the disposition of any application. *See* Petition [Doc. 1] at 4, 6.  Notably, Petitioner did not refer to these papers in connection with stating his grounds for relief, even though he was expressly cautioned in the petition form:  "[I]f you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date."  *See id.* at 6.

Far from asking for a liberal construction of the Petition, the Objection actually seeks to amend the Petition to add claims that were not previously raised.  This request is governed by Fed. R. Civ. P. 15.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Petitioner does not provide any justification for the requested amendment, aside from an argument that he should be permitted to

raise exhausted constitutional claims that "are substantial and raise serious questions concerning the integrity of his convictions." *See* Objection [Doc. 24] at 9.[5]  Petitioner fails to acknowledge or address the one-year statute of limitations established by the AEDPA, 28 U.S.C. § 2244(d). Amendments made after the expiration of the one-year limitations period relate back to the date of the Petition only if the newly asserted claims "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(B).  Under the Supreme Court's interpretation of this phrase in the habeas context, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659.  In *Mayle*, a Fifth Amendment claim concerning the admission of the petitioner's own pretrial statements at trial did not relate back to a Sixth Amendment claim concerning the admission of a witness's videotaped statements at trial because the two statements "were separated in time and type" and not "tied to a common core of operative facts." *See Mayle*, 545 U.S. at 657, 664.

Similarly here, Petitioner's new claims concerning the performance of his appellate counsel and concerning trial counsel's failure to assert double jeopardy as a bar to his trial in February, 2004, after a previous mistrial, are separated in time and type from the two claims asserted in the Petition concerning the trial judge's denial of a continuance and Petitioner's sentence.  Therefore, the requested amendment would not relate back to the date of filing the Petition and the newly asserted claims would be barred by AEDPA's one-year time limit.  Petitioner does not present any legal or factual basis to toll the running of the limitations period.  The filing of a federal habeas petition did

---

[5]  Although Petitioner argues that the claims of ineffective assistance raised in his state application for post-conviction relief are exhausted, it appears from the record that they are actually unexhausted. Petitioner did not timely appeal the state district court's order denying his first post-conviction application, and therefore, OCCA declined jurisdiction. *See* Petition, Ex. 10 [Doc. 1-11].  He filed a second application seeking to appeal out-of-time, which was denied, and he did not appeal the denial of the second application.

not toll AEDPA's statute of limitations. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 180 (2001). Petitioner provides no basis for equitable tolling. *See Woodward*, 263 F.3d at 1142-43 ("AEDPA's statute of limitations is subject to equitable tolling only 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control'") (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000)). Therefore, because Petitioner's newly asserted claims would be time-barred, an amendment of the Petition may properly be denied. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

For these reasons, the Court overrules Petitioner's Objection and adopts Judge Roberts' Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 23] is ADOPTED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] is DENIED. Judgment will be entered accordingly.

IT IS SO ORDERED this 5th day of April, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE